FILED
July 27, 2023
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARIALINA T. TILLMAN,[1] Plaintiff, | § § § | |
| v. | § | Civil Action No. 4:23-CV-756-P (BJ) |
| CITY OF FORT WORTH, TEXAS, et al. Defendants. | § § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, plaintiff Marialina T. Tillman's filed this case with a complalint and separate motion for leave to proceed *In Forma Pauperis* (ECF No. 2), filed on July 20, 2023. This case was referred to the undersigned magistrate judge pursuant to Special Order No. 3-251 on July 20, 2023.

### FINDINGS AND CONCLUSIONS:

A.  NATURE OF THE CASE

This case is a new civil action.

B.  PARTIES

Marialina T. Tillman is the plaintiff. Compl. 1,10, ECF No. 1. She lists as defendants the City of Fort Worth, Sreit Mag Waterview Owner, LLC, and RPM Living Management. *Id.* at 1.

C.  LEGAL ANALYSIS

Plaintiff filed a completed long-form motion to proceed *in forma pauperis* under 28 U.S.C. § 1915 *et. seq.* ECF No. 2. That application/motion includes the income and asset information for the plaintiff.

---

[1] The clerk of Court is directed to list Plaintiff's name in the style of this case on the docket.

1

Whether to permit or deny an applicant to proceed *in forma pauperis* (IFP) is within the sound discretion of the Court. 28 U.S.C. § 1915(a); *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Courts should make the determination of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

In her financial affidavit, Plaintiff declares in one part of the application that her spouse earns $3,600 in monthly income, and in another section, she lists her spouse's gross monthly pay as $7,000. ECF No. 2, 1-2.[2] Plaintiff has listed two dependents. *Id.* at 3. For a family of four, the applicable poverty guideline is $ 30,000. Even assuming the lower amount of monthly income of $3,600, Plaintiff's spouse's annual income of $43,200 is far above the poverty level. Thus, based on the information in the application, Plaintiff has sufficient resources to pay the filing and administrative fees, such that her motion to proceed in forma pauperis should be denied.

To file a civil action in district court, payment of a filing fee of $350 and an administrative fee of $52 is required. *See* 28 U.S.C. § 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Plaintiff's motion to proceed in forma pauperis (ECF No. 2), be **DENIED** by the district judge.

---

[2] In making the in-forma-pauperis determination, the Court may consider the total monetary resources available to assist Plaintiff, and "it is appropriate to consider a spouse's income." *Muhammad v. Louisiana Attorney Disciplinary Board, et al.*, No. 09-3431, 2009 WL 3150041, at *1 (E.D. La. Sep. 25, 2009); *see e.g. Montiel v. Wyndham Anatole Hotel*, No.3:03-CV-1813-L, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003) (denying request to proceed in forma pauperis where plaintiff and spouse had combined monthly income of $3360 and &700 in a bank account).

It is further **RECOMMENDED** that the district judge inform Plaintiff that the complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless Plaintiff pays to the clerk of Court the filing and administrative fees of $402.00 within seven (7) days after the district judge's order.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is **ORDERED** that Plaintiff is granted until **October 4, 2022** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, **RETURNED** to the docket of the United States District Judge.

SIGNED July 27, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE